Filed 11/29/22  Chavez v. Marriott Hotel Services CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GERARDO CHAVEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MARRIOTT HOTEL SERVICES, INC.,<br><br>    Defendant and Respondent. | B312136<br><br>(Los Angeles County<br> Super. Ct. No. BC720943) |

---

APPEAL from a judgment of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

The deRubertis Law Firm, David M. deRubertis; Lavi & Ebrahimian, Joseph L. Lavi and Jordan D. Bello for Plaintiff and Appellant.

O'Melveny & Myers, Adam P. KohSweeney, Kristin M. MacDonnell and Melissa C. Cassel for Defendant and Respondent.

———————————————

Plaintiff and appellant Gerardo Chavez (Chavez) brought this wage statement case against his former employer, Marriott Hotel Services, Inc. (Marriott), alleging that Marriott failed to provide its nonexempt employees with pay stubs in accordance with Labor Code section 226, subdivision (a)(9).[1] Marriott moved for summary judgment, offering undisputed evidence that all of its employees are provided with compliant wage statements, namely electronic wage statements condoned by the California Department of Labor Standards Enforcement (DLSE). The trial court granted Marriott's motion, and Chavez appeals. He contends, as he did below, that his claim is not that Marriott failed to provide all employees with proper wage statements; rather, despite what is alleged in the complaint, his claim is now limited to Marriott's alleged failure to provide him and other employees who requested printed paper checks with proper and accurate wage statements.

Because Chavez's efforts to defeat summary judgment are limited to an unpleaded theory in his complaint, we affirm.

**BACKGROUND**

I. *Facts*

A. Marriott's pay practices

Marriott employees choose to receive their wages through either direct deposit or paper paycheck. All employees, regardless of how they choose to receive their wages, are provided with electronic wage statements that can be accessed online from any computer, smartphone, or tablet, including through onsite computers with printers. Employees are instructed during new-hire training to access their wage statements online, and the

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

employee handbook also states that "[p]ay statements are available on www.4myHR.com." (Bolding omitted.)

Employees who choose to receive paper checks also receive paper stubs attached to the checks. According to Marriott's vice president for payroll, "[t]hese paper stubs are formatted differently than the electronic wage statements, but ultimately the information contained in them is the same."

B. <u>Chavez's employment</u>

Chavez was employed by Marriott as an hourly employee from approximately March 2002 to January 2018. He elected to receive paper paychecks during his employment, which Marriott provided. From October 2017 to January 2018, Chavez accessed his electronic wage statements at least 18 times.

II. *Procedural History*

A. <u>The PAGA action</u>

In September 2018, Chavez filed a single-count representative action, brought on behalf of himself and "other current and former non-exempt employees" of Marriott in California, pursuant to the Private Attorneys General Act of 2004 (PAGA). (§ 2698 et seq.) The complaint alleged that Marriott failed to provide Chavez "and others similarly situated with pay stubs . . . reflect[ing] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[,]" in violation of section 226, subdivision (a)(9). It further alleged that Marriott knowingly and intentionally provided noncompliant wage statements and, as a result, the affected employees suffered injury because they were "unable to discern if they . . . were paid appropriately and/or pursue any wages due to them."

B. <u>Marriott's motion for summary judgment</u>

Marriott moved for summary judgment, arguing, inter alia, that the electronic wage statements it provided to all employees were permitted by the DLSE and fully complied with section 226, and that the allegedly deficient paper stubs were not the "'itemized statement in writing'" regulated by section 226, subd. (a).

C. <u>Chavez's opposition</u>

Chavez opposed Marriott's motion for summary judgment. His opposition reframed his claim as arising from Marriott's "failure to provide [him] and employees who requested 'live paychecks' or 'live checks,' printed paper checks rather than direct deposit, with proper and accurate wage statement[s] . . . ." He further stated that the action was "limited only to the employees that had requested to receive printed live checks" and did not include "any employees that requested to receive direct deposit." (Bolding omitted.) Chavez argued that the paper stubs attached to his paychecks were wage statements subject to the requirements of section 226, of which they failed to comply, and that the electronic wage statements did not cure the violations.

D. <u>Hearing</u>

At the hearing on Marriott's motion for summary judgment, the trial court explained that because the complaint was not limited to those employees who had requested printed checks, Chavez was "arguing something that wasn't framed by his complaint" and was "attempting to amend the complaint in the opposition." Chavez's counsel responded that they had limited the claim based on what had been recently learned in discovery.

The trial court took the matter under submission.

E. <u>Order granting summary judgment</u>

In a minute order following the hearing, the trial court granted Marriott's motion for summary judgment. The minute order stated: "Given the allegations of the complaint, [Marriott] has met its burden. [Chavez] has not provided evidence nor argument relevant to the issues he presented in [the] complaint. [Chavez] attempts to amend his complaint in his opposition."

F. <u>Judgment; appeal</u>

Judgment was subsequently entered, and this timely appeal ensued.

## DISCUSSION

### I. *Standard of Review*

Summary judgment is properly granted where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the burden of showing that at least one element of a cause of action "cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) If the defendant meets this initial burden, the burden shifts to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Ibid.*)

We review the trial court's order granting summary judgment de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in that party's favor. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) "[W]e may affirm on any basis supported by the record and the law. [Citation.]" (*Vulk v. State Farm General Insurance Company* (2021) 69 Cal.App.5th 243, 254.)

5

II. *The Trial Court Properly Granted Marriott's Motion for Summary Judgment*

"The pleadings play a key role in a summary judgment motion. "'The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues'" . . . and to frame 'the outer measure of materiality in a summary judgment proceeding.' [Citation.] . . . 'The materiality of a disputed fact is measured by the pleadings [citations], which "set the boundaries of the issues to be resolved at summary judgment." [Citations.]' [Citation.] Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings. [Citations.] [¶] Furthermore, ""'[t]he [papers] filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings."'" [Citation.]' [Citation.]" (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493 (*Hutton*).)

Here, the complaint alleges that Marriott failed to provide its nonexempt employees with pay stubs reflecting applicable hourly rates and the number of hours worked at each rate, in violation of section 226, subdivision (a)(9). Marriott adduced uncontroverted evidence that all of its employees are provided with electronic wage statements that can be accessed online from any computer, smartphone, or tablet, including through onsite computers with printers. Chavez's opposition did not dispute that the electronic wage statements were anything other than accurate and complete. It follows that the trial court properly granted Marriott's motion for summary judgment.

6

Below and on appeal, Chavez attempts to avoid judgment being entered against him by substantially amending his claim, now contending that his lawsuit arose from Marriott's "failure to provide [him] and employees who requested 'live paychecks' or 'live checks,' printed paper checks rather than direct deposit, with proper and accurate wage statement[s] . . . ." His efforts fail.

"[A] plaintiff wishing 'to rely upon unpleaded theories to defeat summary judgment'" (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 648 (*Oakland Raiders*))—as Chavez did here—"must move to amend the complaint before the hearing. [Citations.]" (*Ibid.*; see also *Ignat v. Yum! Brands, Inc.* (2013) 214 Cal.App.4th 808, 820 ["A plaintiff opposing . . . a motion [for summary judgment] cannot defeat it by proffering new, unpleaded theories or issues"].)  Chavez failed to do so.

Chavez contends that there was no need to amend because the theory he asserted in the opposition was "encompassed" by his complaint.  But as Marriott counters, "[t]hat PAGA actions may be 'pleaded broadly' and then 'narrowed' before trial does not relieve [Chavez] of the obligation to properly amend his complaint when discovery changes the landscape."  Indeed, a key purpose of discovery in a representative action is to inform a plaintiff whether to seek leave to amend. (See *Williams v. Superior Court* (2017) 3 Cal.5th 531, 551; *Union Mut. Life Ins. Co. v. Superior Court* (1978) 80 Cal.App.3d 1, 12.)

Chavez also asserts that his "claims were always limited to those employees like him who received the defective paper wage statements like those attached to the complaint."  This perplexing argument is undermined by Chavez's counsel's

7

representation at the hearing that they had, in fact, "limited" the claim based on what "came out in discovery[.]"

Finally, we reject Chavez's contention that the trial court's ruling violated his right to due process.  By relying upon the well-settled rule that the pleadings frame the issues for a motion for summary judgment (see *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250; *Hutton, supra,* 213 Cal.App.4th at p. 493), the trial court did not violate Chavez's due process rights.  To the contrary, had the court ignored the complaint, it would have risked violating Marriott's rights.  (See *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 176 ["It would be patently unfair to allow [the] plaintiffs to defeat [the defendant's] summary judgment motion by allowing them to present a 'moving target' unbounded by the pleadings"].)

In short, Marriott satisfied its burden on summary judgment by "negat[ing] plaintiff's theories of liability *as alleged in the complaint*[.]"  (*Hutton, supra*, 213 Cal.App.4th at p. 493.) It was incumbent on Chavez to move to amend his complaint prior to the summary judgment hearing to elucidate a viable claim.  (*Oakland Raiders, supra*, 131 Cal.App.4th at p. 648.)  His failure to do so is not grounds to set aside the trial court's order granting Marriott's motion for summary judgment.

All remaining arguments are moot.

## DISPOSITION

The judgment is affirmed. Marriott is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
CHAVEZ

9